**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Zoilo Sanchez and Erick Espinal, on behalf of themselves and all other persons similarly situated, | DOCKET NO. 18-cv-2199 |
| Plaintiffs, | **COMPLAINT** |
| - vs. - | |
| Malecon Restaurant Corp. d/b/a Malecon Restaurant, 764 Gomez Restaurant Corp. d/b/a Malecon Restaurant, Pablo Gomez, Percio de Jesus Gomez, Joselo Gomez, and John Does #1-10, | |
| Defendants. | |

Plaintiffs Zoilo Sanchez and Erick Espinal, by and through their undersigned attorneys, for their complaint against defendants Malecon Restaurant Corp. d/b/a Malecon Restaurant, 764 Gomez Restaurant Corp. d/b/a Malecon Restaurant, Pablo Gomez, Percio de Jesus Gomez, Joselo Gomez, and John Does #1-10, allege as follows, on behalf of

themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiffs Zoilo Sanchez and Erick Espinal allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Malecon Restaurant Corp. d/b/a Malecon Restaurant, 764 Gomez Restaurant Corp. d/b/a Malecon Restaurant, Pablo Gomez, Percio de Jesus Gomez, Joselo Gomez, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Sanchez and Mr. Espinal further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime

work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law, (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiffs Mr. Sanchez and Mr. Espinal are adult individuals residing in New York, New York.

4. Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5. Upon information and belief, defendant Malecon Restaurant Corp. d/b/a Malecon is a New York corporation with a principal place of business at 4141 Broadway, New York, New York.

6. Upon information and belief, defendant 764 Gomez Restaurant Corp. d/b/a Malecon is a New York corporation with a principal place of business at 764 Amsterdam Avenue, New York, New York.

7. At all relevant times, defendants Malecon Restaurant Corp. and 764 Restaurant Corp. (collectively,

the "Malecon defendants") have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

8.   Upon information and belief, at all relevant times, the Malecon defendants have had gross annual revenues in excess of $500,000.00.

9.   Upon information and belief, at all relevant times herein, the Malecon defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

10.   At all relevant times, the Malecon defendants shared common ownership and management, common personnel, common marketing, and operated for a common business purpose.

11.   Upon information and belief, at all relevant times, the Malecon defendants have constituted a single "enterprise" as defined in the FLSA.

12.   Upon information and belief, at all relevant times, the Malecon defendants constituted "joint employers" within the meaning of the FLSA and New York Labor Law.

13.   Upon information and belief, defendant Pablo Gomez is an owner or part owner and principal of the

Malecon defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Defendant Pablo Gomez was involved in the day-to-day operations of the Malecon defendants and played an active role in managing the businesses.

15. Upon information and belief, defendant Percio de Jesus Gomez is an owner or part owner and principal of the Malecon defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16. Defendant Percio de Jesus Gomez was involved in the day-to-day operations of the Malecon defendants and played an active role in managing the businesses.

17. Upon information and belief, defendant Joselo Gomez is an owner or part owner and principal of the Malecon defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

18. Defendant Joselo Gomez was involved in the day-to-day operations of the Malecon defendants and played an active role in managing the businesses.

19. For example, Pablo Gomez hired plaintiffs and set their pay, Joselo Gomez set plaintiffs' schedule and

supervised them on a day-to-day basis, and each of the individual defendants paid plaintiffs.

20. Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the Malecon defendants, whose identities are unknown at this time, who participated in the day-to-day operations of the Malecon defendants, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

21. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since March 8, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

25. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), plaintiffs seek to prosecute their New York Labor Law claims on behalf of themselves and a class (or appropriate subclasses) defined as follows:

> All persons who are or were employed by defendants in the United States at any time since March 8, 2012, to the entry of judgment in this case (the "Class Period"), who were non-exempt restaurant employees, and who were not properly paid statutory minimum wages and/or overtime compensation, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

26. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

27.   Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

28.   Plaintiffs will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

29.   Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and plaintiffs have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

30.   Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

31.  Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

32.  Among the common questions of law and fact under the FLSA and New York wage and hour laws common to plaintiffs and other putative Class/Collective Action Members are the following:

 a.  Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members at a rate at least equal to the statutory minimum wage, in violation of the FLSA and the regulations promulgated thereunder;

 b.  Whether defendants failed and/or refused to pay plaintiffs and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

 c.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members at a rate at least equal to the statutory minimum wage, in violation of New York wage and hour laws and the regulations promulgated thereunder;

d.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

e.  Whether defendants failed and/or refused to pay plaintiffs and the putative Class Members "spread of hours" bonuses on days when they worked shifts lasting in excess of ten hours from start to finish, in violation of New York wage and hour laws and the regulations promulgated thereunder;

f.  Whether defendants failed and/or refused to provide plaintiffs and the putative Class Members with the wage notices and weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

g.  Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

h.  Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as

those terms are used within the context of New York Labor Law.

33. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

34. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt restaurant employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

35. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

36. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

37. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## **FACTS**

38.  At all relevant times herein, defendants owned and operated restaurants in New York under the name Malecon, including ones in Manhattan located at 4141 Broadway and 764 Amsterdam Avenue.

39.  Mr. Sanchez was employed by the Malecon defendants at the Broadway restaurant from approximately June 2014 through August 2017.

40.  Mr. Espinal was employed by the Malecon defendants in three different stints.

41.  Mr. Espinal was employed from approximately June 2011 through May 2012, from around June 2014 through October 2016, and from March 2017 through July 2017.

42.  Mr. Espinal was employed at the Amsterdam Ave. restaurant for approximately three weeks, and was then transferred by defendants to the Broadway location, where he worked for the remainder of his employment.

43.  Mr. Sanchez was employed as a waiter.

44.  Mr. Espinal was employed as a kitchen helper, whose job included food preparation, cleaning, and dishwashing.

45.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the

business of defendants, and did not involve executive or administrative responsibilities.

46. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

47. Mr. Sanchez was originally told that he would be working five days per week, with shifts lasting 8½ hours on Sunday through Thursday and/or nine hours on Fridays or Saturdays. However, virtually every week he would work six days, and in some weeks seven, in order to cover for absent employees. In addition, three or four times per month he would work a double shift to cover for another employee's absence, working seventeen hours on those days. As a result, Mr. Sanchez routinely worked between 51½ and 60½ hours per week, but sometimes as much as 69 hours per week.

48. Mr. Espinal regularly worked six days per week throughout his employment with defendants. He would typically work 8½ hour shifts, for a total of 51 hours per week.  In his last stint with the company, however, he would typically be required to work extra time at the end of his shifts on weekends in order to finish cleaning, so he would work roughly 53 hours per week.

49.  Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

50.  Mr. Sanchez was paid at a rate of $40 per shift when his employment began, and then received a raise to $60 per shift in roughly the beginning of 2016.

51.  Mr. Espinal was paid fixed weekly salaries throughout his employment.

52.  At the outset of Mr. Espinal's employment, he was paid $360 per week, but after approximately three weeks he was given a raise to $460 per week, which was his pay throughout the rest of his first employment stint with defendants.  He was paid $525 per week in his second stint with defendants, and $560 per week in his third stint.

53.  The amount of pay that plaintiffs received did not vary based on the precise number of hours that they worked in a day, week, or month, although Mr. Sanchez did get paid another shift's pay if he worked an extra shift.

54.  As a result, Mr. Sanchez's effective rate of pay was always below the statutory federal and New York minimum wages in effect at relevant times.

55.  In addition to his pay, Mr. Sanchez generally received tips for his work.

56.   However, defendants never provided Mr. Sanchez with any notices or information regarding the "tip credit" and had no agreement in place with him regarding a tip credit.

57.   Upon information and belief, defendants did not keep accurate records of the tips received by Mr. Sanchez.

58.   Moreover, Mr. Sanchez was required to pool his tips with other tipped employees and share them with non-tippable employees, such as delivery dispatchers.

59.   Defendants' failure to pay Mr. Sanchez amounts at least equal to the federal or New York state minimum wages in effect during relevant time periods was willful, and lacked a good faith basis.

60.   Plaintiffs were paid in cash throughout their employment.

61.   Plaintiffs received no paystubs or wage statements with their pay.

62.   In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

63. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

64. Mr. Sanchez worked three or four shifts per month that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day he worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

65. Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signature acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

66. Defendants failed to provide plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

67. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed

16

other individuals like plaintiffs (the Class and Collective Action Members) in positions at defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

68. Defendants applied the same employment policies, practices, and procedures to all Class and Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

69. Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

70. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

71. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

72.   Upon   information   and   belief,   these   other individuals were not provided with required wage notices or weekly wage statements, as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

73.  Defendants' policy of paying plaintiffs on a shift or weekly basis rather than on an hourly basis also violated 12 N.Y.C.R.R. § 146-2.5.

74.  Upon  information  and  belief,  while  defendants employed plaintiffs and the Class and Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

75.   Upon  information  and  belief,  while  defendants employed plaintiffs and the Class and Collective Action members, and through all relevant time periods, defendants failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

76.  Mr. Sanchez, on behalf of himself and all Collective  Action  Members,  repeats,  realleges,  and incorporates by reference the foregoing allegations as if set forth fully and again herein.

18

77. At all relevant times, defendants employed Mr. Sanchez and the Collective Action Members within the meaning of the FLSA.

78. Defendants failed to pay a salary greater than the minimum wage to Mr. Sanchez and the Collective Action Members for all hours worked.

79. As a result of defendants' willful failure to compensate Mr. Sanchez and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

80. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

81. Due to defendants' FLSA violations, Mr. Sanchez and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law — Minimum Wage)

82.  Mr. Sanchez, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83.  At all relevant times, Mr. Sanchez and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84.  Defendants willfully violated the rights of Mr. Sanchez and the members of the Class rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

85.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

86.  Due to defendants' New York Labor Law violations, Mr. Sanchez and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

87. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

88. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

89. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

90. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

91. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

92. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law – Overtime)

93. Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

94. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

95. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

96.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

97.  Due to defendants' New York Labor Law violations, plaintiffs and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

98.  Mr. Sanchez, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

99.  At all relevant times, Mr. Sanchez and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

100. Defendants willfully violated the rights of Mr. Sanchez and the members of the Class by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting longer than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

101. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

102. Due to defendants' New York Labor Law violations, Mr. Sanchez and the members of the Class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

103. Plaintiffs, on behalf of themselves and the members of the Class repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

104. At all relevant times, plaintiffs and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

105. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

106. Defendants willfully violated the rights of plaintiffs and the members of the Class by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

107. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

108. Due to defendants' New York Labor Law violations relating to the failure to provide required wage notices, plaintiffs and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing plaintiffs and their counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from

engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

h. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

i. Liquidated damages for defendants' New York Labor Law violations;

j. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k. Back pay;

l. Punitive damages;

m. An award of prejudgment and postjudgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o. Such other, further, and different relief as this Court deems just and proper.

Dated: March 9, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Malecon Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Malecon Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Zoilo Sanchez


Date:  September 19, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Malecon Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Malecon Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Erick Espiñal


Date:  September 19, 2017